KATHLEEN R. WALL, ESQUIRE
2640 HIGHWAY #70 - PO BOX A
MANASQUAN  NJ  08736-0631
(732) 223-0111
FAX: 732-223-0290
KRW/7405
Attorney for CREDITOR, ANTHONY CARLO,
DANIEL CARLO AND KAREN CARLO
Our File No: 32808

|  |  |
|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY CASE NO. 12-15709-DHS |
| NICHOLAS TARSIA<br>Debtor |  |
|  | ADVERSARY CASE NO. |
| ANTHONY CARLO, DANIEL CARLO AND KAREN CARLO |  |
| Plaintiff<br>vs: | COMPLAINT TO DETERMINE DISCHARGEABILITY |
| NICHOLAS TARSIA<br>Defendant |  |

Plaintiff by way of Complaint against the Defendants herein states:

### FIRST COUNT

1. This adversary proceeding is being filed in connection with the defendant's case under Chapter 7 of the United States Bankruptcy Code now pending in this Court.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §523.  This is a core proceeding under 28 U.S.C. §157 (b) (2) (1).

2. Defendant is a resident of Totowa, New Jersey.

3. Plaintiff recovered a judgment against Nicholas Tarsia on April 29, 2011 under docket No. OCN-L-812-10.  The judgment was based upon breach of fiduciary duties.

4. Plaintiff sustained damages as a result of the fraudulent acts of the debtor.

5. Under 11 U.S.C. §523 (a) (2), (4) and (6), the obligation owed plaintiff is non-dischargeable.

WHEREFORE, Plaintiff prays that the Court determine that the debt owed by debtor is non-dischargeable; that the Court determine the remaining issues and render judgment for plaintiff:

(a) for the amount of its debt, plus interest, costs and attorneys fees;

(b) Directing the trustee to sell the property, or so much as may be necessary, and to pay out of the proceeds of the property plaintiff's judgment; and

(c) For such other relief as is just and equitable.

## SECOND COUNT

1. Plaintiff repeats the allegations set forth in the First Count as if set forth at length.

2. This is a core proceeding 28 U.S.C. § (b) (2) (j).

3. Debtor has failed to act as justified under the circumstances of the case. Debtor has participated in a fraud by breaching his fiduciary duty to creditors in violation of 11 U.S.C. §727.

WHEREFORE, Plaintiff prays that the discharge of the debtor from his debts be denied, and that Plaintiff have such other and further relief as is just.

KATHLEEN R. WALL, ESQUIRE
Attorney for Estate of Richard Mills

/s/ KATHLEEN R. WALL

DATED: June 11, 2012

_____
KATHLEEN R. WALL, ESQUIRE